**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLES R. DOWNS and
ROSIE M. WASHINGTON,**                                  **PLAINTIFFS,**

**VS.**                                    **CIVIL ACTION NO. 4:09CV0048-P-S**

**CITY OF GRENADA, MISSISSIPPI,**                                  **DEFENDANT.**

## FINAL JUDGMENT

This matter comes before the court upon the defendant's motion for summary judgment [33]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Title VII prohibits discrimination based on race and gender. 42 U.S.C. § 2000e-2(a). "Title VII discrimination can be established through either direct or circumstantial evidence" and when a case is based on circumstantial evidence, the court should look to the *McDonnell Douglas* test. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

"Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Laxton*, 333 F.3d at 578. (internal citations omitted).

A *prima facie* case of race or gender discrimination requires proof that the plaintiff (1) belongs to a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action because of his race (or gender); and (4) similarly-situated individuals of another race (or gender) were treated more favorably. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

In this case, neither plaintiff can establish a *prima facie* case.

As for Mr. Downs, who alleges race discrimination, he belongs to a protected class as a white person. It is undisputed that he was qualified for the position of Police Chief and that being demoted to a patrolman was an adverse employment action.

As for Ms. Washington, who alleges gender discrimination, she belongs to a protected class as a female. It is also undisputed that she was qualified for the position of Assistant Chief and that being demoted to a patrolman was an adverse employment action.

However, the court concludes as a matter of law that neither Mr. Downs nor Ms. Washington can show that similarly-situated individuals of another race or gender were treated more favorably for two significant reasons. First, on the same day Chief Downs was demoted to patrolman, Assistant Chief Washington was demoted by the same person (Jo Jo Weathers, City Manager) to patrolman. Thus, a white person and black person as well as a male and a female were both demoted by the same person on the same day in the same manner. Second, though Chief Downs was replaced by a black male, Assistant Chief Washington was replaced by a white male. Accordingly, given the circumstances, the claims of both plaintiffs essential cancel each other out.

Assuming *arguendo* that the plaintiffs were found to have stated *prima facie* cases of race and gender discrimination, "[t]he burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for [the adverse employment action]. This causes the presumption of discrimination to dissipate." *Laxton*, 333 F.3d at 578.

In this case, the defendant has produced a legitimate, nondiscriminatory reason for the demotions – namely, various complaints made to City Manager Weathers about both of the plaintiffs' performances as Chief and Assistant Chief. The court concludes that the plaintiffs' allegation that City Manager Weathers "admitted" that his given reasons for demoting Ms.

2

Washington were pretextual is mere speculation and is insufficient to raise a genuine issue of material fact.

Since the defendant has articulated a legitimate, nondiscriminatory reason for the demotions, the plaintiffs bear "the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status." *Laxton*, 333 F.3d at 578. (internal citations omitted).

Having considered the record and the parties' briefs, the court concludes that even after viewing the facts in a light most favorable to the plaintiffs, the plaintiffs have not met their burden in demonstrating a genuine issue of material fact warranting a trial on the question of whether racial and/or gender discrimination took place. This is so not only because the plaintiffs' claims essentially cancel each other out, as explained above, but also because the plaintiffs' factual allegations – even if true – are not substantial enough for a reasonable juror to conclude that race and/or gender was the motivating factor in the subject demotions, whether in whole or in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion for summary judgment [33] is **GRANTED**; accordingly,

(2) All of the plaintiffs' claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is closed with the parties to bear their own costs.

**SO ORDERED** this the 9th day of May, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE